**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRELL WHITAKER, CDCR #BE-8679, <br><br>Plaintiff, <br><br>vs. <br><br>EL CAJON POLICE DEPARTMENT; J. LAROCHE (#342), Officer / Patrol Division; A. BOYER (#349), Officer / Patrol Division; A. PERHAM, (#341), Officer / Patrol Division, <br><br>Defendants. | Case No.: 3:18-cv-00171-CAB-BGS <br><br>**ORDER:** <br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** <br><br>**2) DISMISSING DEFENDANT EL CAJON POLICE DEPARTMENT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** <br><br>**AND** <br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

DARRELL WHITAKER ("Plaintiff"), proceeding pro se and while incarcerated at the California Institution for Men ("CIM") in Chino, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), and a Motion to Proceed In Forma

Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## Background

Plaintiff claims the El Cajon Police Department, and three of its patrol officers, used excessive force while effecting his arrest at the Villa Serena Motel on March 8, 2015, and then falsified an incident report to justify the assault. *See* Compl., ECF No. 1 at 1-5. He seeks injunctive relief preventing the officers' use of "ECDs" until they are "properly trained and recertified," as well as $5.4 million in general and punitive damages. *Id.* at 7.

## Discussion

### A.  IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a prison official attesting to his trust account activity. *See* ECF No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows Plaintiff had average monthly deposits of $55 to his account, carried an average monthly balance of $.16 over the six month period preceding the filing of his Complaint, and had only $.63 on the books at the time of filing. *See* ECF No. 2 at 4.

Based on this accounting, the Court assesses Plaintiff's initial partial filing fee to be $11, but notes he may be "unable to pay" any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the assessed initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the

California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**B.     Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## D. Improper Defendant

As an initial matter, the Court finds that to the extent Plaintiff includes the "El Cajon Police Department" as a Defendant in the caption of his Complaint, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the El Cajon Police Department) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

///

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The El Cajon Police Department is a department of the City of El Cajon, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983).

Therefore, Plaintiff cannot pursue his excessive force claims against the El Cajon Police Department. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the City of El Cajon itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*,

541 F.3d 950, 964 (9th Cir. 2008). While Plaintiff claims to have been subject to excessive force at the hands on several named El Cajon Police Department officers, *see* ECF No. 1 at 2-5, he alleges no facts to suggest the force was employed pursuant to any municipal custom, policy, or practice, and a local governmental entity, like the City of El Cajon, may not be held vicariously liable under section 1983 simply based on the allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

For these reasons, Plaintiff's claims against the El Cajon Police Department must be dismissed sua sponte for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

**E.     Excessive Force Claims – Individual Officers**

As for Plaintiff's excessive force allegations against Officers Laroche, Boyer, and Perham, however, the Court finds they are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Fourth Amendment protects Plaintiff from the use of excessive force during the course of an arrest. *See Graham,* 490 U.S. at 393 & n.6. "Police use of force is excessive and violates the Fourth Amendment if it's objectively unreasonable under the circumstances." *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017); *Graham*, 490 U.S. at 388; *Scott v. Harris*, 550 U.S. 372, 383 (2007). The Ninth Circuit "assess[es] reasonableness using the non-exhaustive *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Zion*, 874 F.3d at 1075 (quoting *Graham*, 490 U.S.

///

at 396). The most important factor is whether the suspect posed an immediate threat. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, Plaintiff claims that on March 8, 2015, he was "the victim of a crime," and was in "fear for his life," when he "fled to safety inside a hotel lobby." *See* Compl., ECF No. 1 at 3. Plaintiff further claims he was unarmed and "surrender[ing] with his hands completely up," when he was tased twice by Defendants Laroche and Perham. *See* Compl., ECF No. 1 at 3-4.

Based on these allegations, the Court will order the U.S. Marshal to effect service upon Defendants Laroche, Boyer, and Perham on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## **Conclusion and Orders**

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Defendant El Cajon Police Department sua sponte based on Plaintiff's failure to state a claim and **DIRECTS** the Clerk to terminate the El Cajon

8

3:18-cv-00171-CAB-BGS

Police Department as a party to this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Laroche, Boyer, and Perham and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve them upon these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Laroche, Boyer, and Perham as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7. **ORDERS** Defendants Laroche, Boyer, and Perham, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Laroche, Boyer, and Perham, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b).

1  Plaintiff must include with every original document he seeks to file with the Clerk of the
2  Court, a certificate stating the manner in which a true and correct copy of that document
3  has been was served on Defendants or their counsel, and the date of that service. *See* S.D.
4  CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed
5  with the Clerk, or which fails to include a Certificate of Service upon the Defendants,
6  may be disregarded.

**IT IS SO ORDERED**.

Dated: March 13, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge