# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL WHITAKER,<br><br>                     Plaintiff,<br><br>v.<br><br>J. LAROCHE (#342, OFFICER/PATROL DIVISION; A. BOYER (#349), OFFICER/PATROL DIVISION; J. PERHAM (#341), OFFICER/PATROL DIVISION,<br><br>                     Defendant. | Case No.: 18cv171-CAB-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS** [Doc. No. 10] |

On January 24, 2018, Plaintiff Darnell Whitaker, then proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated when police allegedly used excessive force to arrest him on March 8, 2015. [Doc. No. 1.] On July 30, 2018, Defendants J. LaRoche, A. Boyer and J. Perham filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), on the grounds that his Section 1983 claims are barred by the statute of limitations. [Doc. No. 10.] On September 17, 2018, now represented by counsel, Plaintiff filed an opposition. [Doc. No. 20.] On September 25, 2018, Defendants filed a reply. [Doc. No. 21.]

In the motion, Defendants argue that Plaintiff's Section 1983 claims are barred by California's two-year statute of limitations for personal injury (Cal. Civ. Proc. Code §335.1.) [Doc. No. 10-1.][1] In opposition, Plaintiff argues that the statute should be tolled, tacitly acknowledges that the complaint currently does not contain any allegations that would support tolling, and requests leave to amend to assert such allegations. [Doc. No. 20 at 4, 6, and 8.]

Under Rule 15(a), when there is no "[u]ndue delay, bad faith[,] dilatory motive on the part of the movant,... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment," leave to amend a complaint is to be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.1980). Here, Plaintiff was *pro per* when he filed the complaint, and his current counsel asserts (presumably in good faith and cognizant of his ethical obligations under Fed.R.Civ.P. 11) that facts exist to supporting tolling the statute of limitations.[2]

Therefore, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiff shall file a First Amended Complaint ("FAC") by **October 19, 2018**. If the FAC is not filed by October 19, 2018, the case will be **CLOSED** without further court order.

**IT IS SO ORDERED**.

Dated: October 1, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Defendants Request for Judicial Notice [Doc. No. 10-2] is **GRANTED.**
[2] Defendants' objections to the Declaration of Marty Miller [Doc. No. 21-1] are **DENIED WITHOUT PREJUDICE.**

2

18cv171-CAB-BGS