UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL WHITAKER,<br><br>         Plaintiff,<br><br>v.<br><br>J. LAROCHE (#342, OFFICER/PATROL DIVISION; A. BOYER (#349), OFFICER/PATROL DIVISION; J. PERHAM (#341), OFFICER/PATROL DIVISION,<br><br>         Defendant. | Case No.: 18cv171-CAB-BGS<br><br>**ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>**[Doc. No. 25]** |

  Pending before the Court is Defendants' motion to dismiss the First Amended Complaint ("FAC"). [Doc. No. 25.] For the reasons set forth below, the motion is granted without leave to amend.

## BACKGROUND

  On January 24, 2018, Plaintiff Darnell Whitaker, then proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated when police allegedly used excessive force to arrest him on March 8, 2015. [Doc. No. 1.] On July 30, 2018, Defendants J. LaRoche, A. Boyer and J. Perham filed a

1

motion to dismiss the complaint pursuant to Rule 12(b)(6), on the grounds that his Section 1983 claims are barred by the statute of limitations. [Doc. No. 10.]

On October 1, 2018, this Court granted Plaintiff, now represented by counsel, leave to file a FAC to assert allegations (in good faith and in compliance with Federal Rule of Civil Procedure 11) that support the tolling of the statute of limitations. [Doc. No. 22 at 2.]

On October 18, 2018, Plaintiff filed a FAC. [Doc. No. 23.] On October 31, 2018, Defendants filed a motion to dismiss the FAC. [Doc. No. 25.] On November 20, 2018, Plaintiff filed an opposition to the motion to dismiss. [Doc. No. 26.] On November 28, 2018, Defendants filed a reply. [Doc. No. 27.]

## FACTUAL ALLEGATIONS OF FAC

Plaintiff alleges that on March 8, 2015, Plaintiff was at the Villa Serena Motel, located at 771 El Cajon Blvd., El Cajon, CA. FAC at 5:2-3. Officers from the El Cajon Police Department ("ECPD"), including Laroche, Boyer, and Perham, and Doyle, were dispatched to the Villa Serena Motel. FAC at 5:9-11. Doyle instructed Plaintiff to exit the motel with his hands up. FAC at 5:16-17. Though Plaintiff was confused and suffering from extreme paranoia, Plaintiff complied with Doyle's instructions and began exiting the motel, with his hands up. FAC at 5:9-11. At the time Plaintiff was exiting the motel with his hands up, Plaintiff was surrounded by multiple ECPD officers, including Laroche, Boyer, and Perham. FAC at 5:9-11.

Plaintiff alleges that as he was complying with Doyle's commands, multiple ECPD officers were yelling conflicting commands which were especially confusing to Plaintiff, who was already confused and suffering from extreme paranoia due to his mental health condition. FAC at 6:1-4. As Plaintiff was complying with Doyle's commands, while still having his hands up, suddenly, and without provocation, Laroche deployed his electroshock weapon (commonly called a "Taser") at Plaintiff, made contact with Plaintiff's upper torso and delivered electric current through plaintiff's body. FAC at 6:4-6. Plaintiff immediately fell to the ground and began screaming in pain and Perham

deployed his taser at Plaintiff, which delivered electric current though his body. FAC at 6:17-24. After Defendants shocked Plaintiff multiple times with their tasers, ECPD officers handcuffed Plaintiff and took Plaintiff into custody. FAC 7:1-2.

Plaintiff alleges that paramedics took him from the scene to Grossmont Hospital. FAC at 7:12-13. ECPD Officer Peterson rode in the ambulance with Plaintiff to guard Plaintiff, because Plaintiff was under arrest and not free to leave. FAC at 7:13-15. During the trip to the hospital, Plaintiff was confused, paranoid, and talking nonsensically about people trying to eat him. FAC at 7:17-18. While at Grossmont Hospital, Plaintiff received medical treatment. FAC at 7:20-22. ECPD officers guarded Plaintiff while Plaintiff was being treated at the hospital. FAC at 7:20-22.

On or about March 12, 2015, Plaintiff was discharged from Grossmont Hospital. ECPD officers then immediately transported Plaintiff from Grossmont Hospital to the San Diego County jail. FAC at 7:24-25. Upon arriving at San Diego County jail, Plaintiff was booked into the jail. FAC at 7:27-28. On or about March 18, 2015, Plaintiff was arraigned by complaint charging a criminal offense for which he was arrested on March 8, 2015. FAC at 8:1-2.

Plaintiff alleges from on or about March 18, 2015, to on or about October 18, 2017, a criminal case was pending against Plaintiff charging a criminal offense for which he was arrested on March 8, 2015. FAC at 8:2-4. During the time period Plaintiff was imprisoned in the San Diego County jail, Plaintiff's freedom was severely restricted in that each and everyday Plaintiff was housed in a jail cell most of the day, he had extremely limited access to a telephone, he had no access to a law library, and he was confused and paranoid, inhibiting his ability to think in a lucid, rational manner. FAC at 8:9-9:5. As such, Plaintiff was not able to interview witnesses regarding the March 8, 2015 incident nor was Plaintiff able to interview witnesses regarding the sufficiency of the Defendants' training, or the City's policies, customs, and practices, nor was he able to search for an attorney to represent him in a civil action. FAC at 9:5-27.

In January 2016, Plaintiff was released from the San Diego County jail, and placed on probation and as a condition of probation he was ordered to reside at a residential treatment program, where he was taken directly after release from jail. FAC at 10:1-4. Plaintiff was immediately placed in a "blackout period" for the first 90 days, and he was not allowed to leave the facility, or make or receive, telephone calls, and had no access to a law library. FAC at 10:7-18. Plaintiff resided at the residential treatment program for approximately eight months. FAC at 10:14-15.

In 2016, Plaintiff made a complaint with the ECPD that on March 8, 2015, ECPD officers unjustifiably shocked him repeatedly with their tasers, alerting ECPD of the need to investigate the March 8, 2015, incident. FAC at 11:18-22.

## REQUEST FOR JUDICIAL NOTICE

The Defendants request that the Court take judicial notice of the following facts:

Plaintiff was arrested on March 8, 2015 and charged as follows:

Count 1: Cal. Penal Code, § 245(a)(1) [assault with a deadly weapon]
Count 2: Cal. Penal Code, § 211 [robbery]
Counts 3, 4: Cal. Penal Code, §§ 459, 460 [burglary, burglary in the first degree]
Count 5: Cal. Penal Code, § 484 [theft].
[Doc. No. 25-2 at 3-9, San Diego Superior Court Case No. E348884.]

On July 7, 2015, Plaintiff pled guilty to Cal. Penal Code, § 459, amended Count 6, Cal. Penal Code, § 594(a)(b)(1) [vandalism]. Plaintiff admitted that he unlawfully entered a hotel room, unoccupied at the time but then used as a temporary residence by an individual, with the intent to commit a felony, and knowingly and unlawfully damaged the personal property of another. Plaintiff was represented by counsel. [Doc. No. 25-2 at 10-16.]

On August 4, 2015, Plaintiff was granted formal probation and the imposition of his sentence was suspended for five years. [Doc. No. 25-2 at 17-21.]

On June 28, 2017, a felony complaint was filed in San Diego Superior Court charging Plaintiff as follows:

> Count 1: Penal Code section 273.5(a) [corporal injury to spouse and/or roommate];
> Count 2: Penal Code section 245(a)(4) [assault likely to produce great bodily injury];
> Count 3: Penal Code section 273(a(b) [cruelty to a child by inflicting injury.].

[Doc. No. 25-2 at 22-27, San Diego Superior Court Case No. CD272575.]

On September 19, 2017, Plaintiff plead guilty to Count 2, Penal Code section 245(a)(4). [Doc. No. 25-2 at 28-31.] Plaintiff admitted that he willfully and unlawfully committed an assault with means likely to produce great bodily injury.

On October 18, 2017, Plaintiff was sentenced to 8 years on Count 2 in Case No. SCD272575. [Doc. No. 25-2 at 32-33.] On that same date, Plaintiff was sentenced after his probation in Case No. SCE348884 was revoked as a result of plaintiff's conviction under Penal Code section 245(a)(4), in Case No. CD272575, to run concurrent with his conviction in SCD272575. [Doc. No. 25-2 at 34-36, and Doc. No. 25-2 at 37-39.]

A complaint charging Plaintiff with three counts of assault with a deadly weapon and one count of vandalism was filed in with the San Diego Superior Court on November 5, 2014 in Case No. CS275789. [Doc. No. 25-2 at 40-43.] On July 7, 2015, Plaintiff plead guilty to Amended Count 6, Penal Code section 245(a)(6). As a result of that plea, Plaintiff was sentenced to 365 days custody and to be released to inpatient treatment to run concurrent with Case No SCE348884.[Doc. No. 25-2 at 44-49.] Plaintiff was represented by counsel.

Pursuant to Federal Rule of Evidence 201(b)(2), the "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." For example, the court may properly consider matters of public record (e.g. pleadings, orders and other papers on file in another action) . . . as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

5

18cv171-CAB-BGS

Here, all of the facts Defendants request be judicially noticed are public records from the San Diego Superior Court that are not subject to reasonable dispute. Plaintiff does not provide any authority for his argument that the records have to be "certified." Moreover, Plaintiff does not provide any facts that would dispute the authenticity of the records. Therefore, Defendants' request for judicial notice [Doc. No. 25-2] is **GRANTED** and Plaintiff's objections [Doc. No. 26-4] are **OVERRULED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Finally, a matter that is properly subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Shilstaf Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012). The court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## DISCUSSION

In the FAC, Plaintiff alleges that on March 8, 2015, his civil rights were violated when officers used excessive force while arresting him. Plaintiff does not dispute that his civil rights claims are based upon personal injuries and, therefore, subject to California's two-year statute of limitations. Plaintiff also does not dispute that his complaint was filed almost one year beyond the statute of limitations. Instead Plaintiff alleges and argues his claims were tolled based upon California Government Code §945.3, California Government Code §352.1, California Code of Civil Procedure §352(a), and the doctrine of equitable tolling.

A. California Government code §945.3.

Plaintiff alleges that from March 18, 2015 until October 18, 2017, a criminal case was pending against Plaintiff and, therefore, pursuant to California Government Code §945.3, the statute of limitations was tolled during that time.

California Government Code § 945.3 states that:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

7

18cv171-CAB-BGS

However, tolling only applies if the civil claim "relat[es] to the [criminal] offense for which the accused is charged." Cal. Gov't Code § 945.3; see *Torres v. City of Santa Ana*, 108 F.3d 224, 225 (9th Cir. 1997).

Here, the criminal charges for assault with a deadly weapon, robbery, and burglary were filed against Plaintiff on March 18, 2015 relating to Plaintiff's March 8, 2015 arrest. Plaintiff's civil complaint is related entirely to conduct that occurred on March 8, 2015. The criminal charges related to the March 8, 2015, incident were pending against Plaintiff from March 12, 2015 up until the date that he plead guilty and was sentenced. On July 7, 2015 Plaintiff pled guilty to the charges and on August 4, 2015 he was granted formal probation. Because there were no charges pending as of July 7, 2015 and he was granted formal probation on August 4, 2015, Plaintiff had at most two years from at the latest August 4, 2015 to file this case.[1] Thus, Plaintiff had to file his complaint by August 4, 2017. However, Plaintiff did not file this case until January 24, 2018, which was more than six months late. Therefore, California Government Code Section 945.3 does not sufficiently toll the statute of limitations.

B. California Government code §352.1.

Plaintiff also alleges that, pursuant to California Government Code Section 352.1, the statute of limitations was tolled during the time period Plaintiff was imprisoned in the San Diego County jail, which was from March 12, 2015 until approximately January 2016. Plaintiff alleges that, during this time, his freedom was severely restricted, he had extremely limited access to a telephone, he had no access to a law library, and he was confused and paranoid, inhibiting Plaintiff's ability to think in a lucid, rational manner.

---

[1] Plaintiff was sentenced on October 18, 2017, to 8 years on Count 2 in another criminal case not relating to the claims in this civil matter, Case No. SCD272575. As a result of the conviction in the subsequent case, his probation was revoked. However, the revocation of the probation was because of the subsequent offense, not the original offense which is the subject of this civil action.

[Doc. No. 23 at 8:9-9:5.] As such, Plaintiff alleges he was not able to interview witnesses regarding the March 8, 2015 incident nor was Plaintiff able to interview witnesses regarding the sufficiency of the Defendants' training, or the City's policies, customs, and practices, nor was he able to search for an attorney to represent him in a civil action. [Doc. No. 23 at 9:5-27.] Plaintiff further alleges that, in January 2016, he was released from the San Diego County jail, and placed in a residential treatment program, where he was immediately placed in a "blackout period" for the first 90 days, and he was not allowed to leave the facility, or make or receive, telephone calls, and had no access to a law library. [Doc. No. 23 at 10:7-18.]

Code of Civil Procedure Section 352.1, subdivision (a) provides, "If a person entitled to bring an action, . . . ,is, *at the time the cause of action accrued*, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." [Italics added.)] Under section 352.1, the limitations period applicable to Plaintiff's cause of action would have been extended by two years if the cause of action accrued while he was "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life. . . ." Cal. Code Civ. Pro. § 352.1, subd. (a). To be "imprisoned on a criminal charge," plaintiff must be serving a term of imprisonment in the state prison; there is no tolling under Section 352.1(a) for pretrial incarceration in a county jail. *Austin v. Medicis*, 21 Cal.App.5th 577, 597, (2018) reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also *Groce v. Claudat*, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"). *But see Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994)—limitations period tolled for incarceration prior to arraignment (declined to follow by *Austin*, 21 Cal.App.5th at 590, fn. 4, "[b]ecause that decision predated the enactment of section 352.1").

Plaintiff's causes of action accrued on March 8, 2015 *during the course of his arrest*. The allegations of the complaint demonstrate he was not incarcerated at the time

9

his causes of action accrued. However, even if his cause of action somehow arose after his arrest, §352.1 does not apply to his pretrial incarceration, which lasted until August 4, 2015. *Austin*, 21 Cal.App.5th at 597. Thereafter, Plaintiff was incarcerated (as a result of a different crime) in the San Diego County jail, not the state prison, until January 2016. However, assuming §352.1 applies to the San Diego County jail incarceration, as well as to the 90-day "blackout period" at the rehabilitation treatment center, that would still only toll the statute of limitations by at most nine months. But the complaint was filed ten and a half months late. Therefore, California Code of Civil Procedure Section 352.1 does not sufficiently toll the statute of limitations, assuming it applies at all.

C. California Government code §352(a).

Plaintiff alleges that, at the time of his arrest and prior to that date, Plaintiff suffered from a mental health condition such that he was not sufficiently aware of the nature or effects of his acts to be able to comprehend business transactions. [Doc. No. 23 at 5:4-8.] Plaintiff further alleges that during the time period he was imprisoned in the San Diego County jail, he was confused and paranoid, inhibiting plaintiff's ability to think in a lucid, rational manner. [Doc. No. 23 at 8:9-9:5.]

California Code of Civil Procedure section 352(a) tolls a claim if a plaintiff "lack[ed] the legal capacity to make decisions" when the claim accrued. *See* Cal. Civ. Proc. Code, § 352(a). To invoke tolling under Section 352(a), a plaintiff must show that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal.App.4th 94 (2001) (citations omitted). The basic question is whether the plaintiff was sufficiently aware of the nature or effects of his acts to "be able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action." *Hsu v. Mt. Zion Hosp.*, 259 Cal.App.2d 562 (1968). Under Section 352(a), even a person "adjudged mentally ill and in need of hospital treatment under the Welfare and Institutions Code may nevertheless be capable of transacting business and carrying out his affairs." *Hsu* at 573. Moreover, incapacity must exist at the time the claims accrue, and tolling lasts only until the plaintiff

regains capacity. Cal. Civ. Proc. Code, § 352(a); *Feeley v. S. Pac. Transp. Co.*, 234 Cal.App.3d 949 (1991); *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal.App.2d 704 (1950).

Here, Plaintiff's alleged "mental incompetence" is "blatantly contradicted by the record." *See Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769 (2007) (holding that a court need not adopt a non-moving party's version of the facts if "blatantly contradicted by the record"). At least at the time he entered into guilty pleas in the two criminal cases on July 7, 2015, Plaintiff possessed capacity to transact business and carry out his affairs. *See Quan v. SmithKline Beecham Corp.*, 149 Fed. Appx. 668, 670 (9th Cir. 2005)(the fact that plaintiff hired a lawyer and filed a separate employment discrimination action was a matter of undisputed public record; plaintiff's ability to attend to such matters demonstrated that he was not insane within the meaning of [Section 352(a)]). Here, after Plaintiff's arrest, Plaintiff engaged lawyers[2] and, on July 7, 2015, entered guilty pleas in two separate criminal matters. Plaintiff's ability to attend to such matters shows that, as of July 7, 2015, he was not insane within the meaning of Section 352(a). Moreover, Plaintiff admits that in 2016, he made a complaint with the ECPD, which again shows a state of mind able to transact business and carry out one's affairs. Therefore, Plaintiff's allegations, as well as the undisputed public record, show that Section 352(a) does not apply.

D. Equitable tolling.

"Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones v. Blancas* (9th Cir. 2004) 393 F.3d 918, 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of

---

[2] The fact that these lawyers were appointed as opposed to retained is irrelevant. Plaintiff still had to interact with these lawyers to agree to their representation.

limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999); see also *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 102 (2008) [equitable tolling requires three elements: timely notice, lack of prejudice to defendant, and reasonable and good faith conduct on the part of the plaintiff].

Here, even if the 2016 complaint with the ECPD could be deemed "notice" of the claim, Defendants are prejudiced by having to defend a claim that was filed almost a year past the statute of limitations and is based upon an incident that occurred almost four years ago. In addition, the public record demonstrates that Plaintiff's conduct was not reasonable and in good faith, as during the time period in question, Plaintiff: (1) pled guilty to three different criminal complaints and, in the process, engaged lawyers to represent him in those matters; (2) submitted a complaint about the incident in question to the ECPD; and (3) committed the crime of domestic violence. This demonstrates that Plaintiff knew of his potential claim, had access to lawyers, was not incarcerated during the majority of this time, had time to commit other crimes and, yet, failed to file this complaint. Thus, equitable tolling does not apply.

E. Leave to Amend.

Here, Plaintiff has already been granted one opportunity to amend, and Plaintiff's counsel was reminded of his ethical obligations to assert, in good faith, all facts that exist to support the tolling of the statute. [Doc. No. 22.] To avoid dismissal after an opportunity to amend has been granted, plaintiff must disclose specific facts that would cure the deficiency: "A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend has been given." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In the opposition, Plaintiff merely makes a generic request for leave to amend without disclosing any

further specific facts that would cure the deficiencies. Therefore, further leave to amend is denied.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the FAC is **GRANTED WITHOUT LEAVE TO AMEND.** The Clerk shall enter judgment for Defendants and **CLOSE** the case.

Dated: December 14, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge